# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| EASTGATE INVESTMENTS I, LLC, )<br>      Plaintiff, )<br>     )<br>  v. )<br>     )<br>MW BUILDERS, INC., )<br>      Defendant. ) | CAUSE NO.: 2:19-CV-304-JTM-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Eastgate Investments I, LLC invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing its Complaint in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff and Defendant MW Builders, Inc. must be citizens of different states, and the amount in controversy must be more than $75,000. Plaintiff has alleged a sufficient amount in controversy. Plaintiff has also sufficiently alleged Defendant's citizenship. However, the allegations are insufficient as to the citizenship of Plaintiff.

The Complaint alleges that "Plaintiff . . . is an Indiana and Michigan citizen, being an Indiana limited liability company with its principle place of business in Centerville, Michigan." (Compl. ¶ 1, ECF No. 1). It further alleges that "the members of [Plaintiff] are citizens of states

other than Texas." *Id.* at ¶ 2. These allegations are insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Court must therefore be advised of the identity of each of Plaintiff's members and advised of each member's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company are citizens of a particular state. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Likewise, it is not sufficient to allege that a party is not a citizen of a particular state; states of citizenship must be explicitly named. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888). Finally, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege its citizenship as outlined above. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **January 31, 2020**, a supplemental jurisdictional statement that properly alleges its citizenship as stated above.

So ORDERED this 17th day of January, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT