# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| EASTGATE INVESTMENTS I, LLC,<br>    Plaintiff,<br><br>    v.<br><br>MW BUILDERS, INC.,<br>    Defendant,<br><br>MW BUILDERS, INC.,<br>    Third-Party Plaintiff,<br><br>    v.<br><br>MUD SLINGERS INC. and JOHN A.<br>DILLE & SONS CONSTRUCTION<br>CO., INC.,<br>    Third-Party Defendants. | CAUSE NO.: 2:19-CV-304-JTM-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over the Third-Party Complaint filed by Defendant and Third-Party Plaintiff MW Builders, Inc. (ECF No. 28).

MW Builders, Inc. filed its Third-Party Complaint against Third-Party Defendants Mud Slingers Inc. and John A. Dille & Sons Construction Co., Inc., alleging state law claims for breach of contract and contractual indemnity against each Third-Party Defendant. (ECF No. 28 at Counts I-IV). As the party invoking the Court's jurisdiction for its Third-Party Complaint, MW Builders has the burden of establishing that federal subject matter jurisdiction exists over that Complaint. *Alliance Tank Serv., LLC v. Great Am. Inc. Co. of N.Y.*, No. 2:14-cv-302, 2020 WL 470611, at *1

(N.D. Ind. Jan. 29, 2020) (third-party plaintiff "bears the burden of demonstrating that the jurisdictional requirements have been met" for its third-party complaint) (citing *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009)); *Client Funding Sols. Corp. v. Crim*, No. 10-cv-482, 2010 WL 1839358, at *1-2 (N.D. Ill. May 6, 2010) ("as is true with any claim, a third-party claim must be supported by federal subject matter jurisdiction").

MW Builders asserts no basis for federal subject matter jurisdiction, and instead states that its Third-Party Complaint is brought "pursuant to Rule 14(a) of the Federal Rules of Civil Procedure." (ECF No. 28, at 1). But "Rule 14 is merely a procedural provision" that allows for the filing of a third-party complaint, *Client Funding Sols.*, 2010 WL 1839358, at *1; it "does not provide an independent basis for jurisdiction." *Hartford Cas. Ins. Co. v. Moore*, No. 08-cv-1350, 2010 WL 323502, at *5 (C.D. Ill. Jan. 20, 2010). Rather, subject matter jurisdiction over a third-party complaint may be based on a federal question under 28 U.S.C. § 1331, diversity of citizenship under 28 U.S.C. § 1332, or where (as here) the claim is brought by a defendant in the original case, supplemental jurisdiction under 28 U.S.C. § 1367. *See Ruderman v. Bank of Am. N.A.*, No. 10 C 6153, 2012 WL 4795705, at *2 (N.D. Ill. Oct. 9, 2012); *Client Funding Sols.*, 2010 WL 1839358, at *1-2. As MW Builders alleges no federal claim in its Third-Party Complaint, it must rely on diversity of citizenship under § 1332 or supplemental jurisdiction under § 1367.

For the Court to have diversity jurisdiction, no Third-Party Defendant may be a citizen of the same state as Third-Party Plaintiff MW Builders, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). According to its Third-Party Complaint, MW Builders is a Texas Corporation with a principal place of business in Texas and therefore a Texas citizen; and Third-Party Defendants Mud Slingers Inc. and John A. Dille & Sons are both Indiana Corporations with principal places of business in Indiana and therefore Indiana

citizens. (ECF No. 28, ¶¶ 1-3). *See also* 28 U.S.C § 1332(c)(1). But while MW Builders has alleged facts sufficient to establish that the Third-Party Defendants are citizens of a different state, it has failed to allege that the amount in controversy exceeds $ 75,000, as required for diversity jurisdiction under § 1332.

The Court acknowledges allegations in the Third-Party Complaint that the Third-Party Defendants are liable to MW Builders to the extent it is liable for the claims brought against it in the original Complaint in this case. (ECF No. 28, ¶¶ 21, 32). But MW Builders also claims to lack sufficient information as to the value of those claims (Answer, ¶ 4, ECF No. 13), and its Third-Party Complaint fails to allege whether the amount in controversy exceeds $75,000 as to either Third-Party Defendant. To the extent MW Builders relies on diversity jurisdiction under § 1332 to support its Third-Party Complaint, it must clarify in a supplemental jurisdictional statement whether the amount in controversy as to either or both Third-Party Defendants exceeds $75,000, as required for diversity jurisdiction. Additionally, to the extent MW Builders relies on supplemental jurisdiction under § 1367, it must allege facts sufficient to show that its claims against the Third-Party Defendants "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §1367(a). Perhaps MW Builders views the record as clear on this point, and perhaps its claims do meet this threshold. However, MW Builders has not asked the Court to reach that conclusion, or invoked supplemental jurisdiction under § 1367(a). Given the importance of policing jurisdiction, the Court requires MW Builders to set forth the basis or bases upon which it believes jurisdiction exists for its claims.

Accordingly, MW Builders must sufficiently allege the Court's jurisdiction over the state law claims in its Third-Party Complaint under 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367. The Court therefore **ORDERS** Third-Party Plaintiff MW Builders, Inc. to **FILE,** on or before **April 3,**

**2020,** a supplemental jurisdictional statement that properly alleges the jurisdictional bases for its third-party claims.

So ORDERED this 20th day of March, 2020.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT