UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EASTGATE INVESTMENTS I, LLC,         )<br>         Plaintiff,                                     )<br>                                                             )<br>    v.                                                       )    CAUSE NO.: 2:19-CV-304-JTM-JPK<br>                                                             )<br>MW BUILDERS, INC.,                          )<br>         Defendant.                                  )| |

### OPINION AND ORDER

This matter is before the Court on a Motion to Strike Affirmative Defenses 2 Through 11 [DE 16], filed by Plaintiff Eastgate Investments I, LLC on October 21, 2019. Defendant MW Builders, Inc. filed a response, and Plaintiff filed a reply.

On August 16, 2019, Plaintiff filed a two-count Complaint, bringing claims of breach of contract and negligence. On October 10, 2019, Defendant filed its Answer, which included eleven Affirmative Defenses. In the instant motion, Plaintiff seeks an order striking Affirmative Defenses 2 through 11. In its response, Defendant voluntarily withdraws portions of Affirmative Defenses 7 and 8, and further withdraws Affirmative Defenses 9 and 11 in their entirety. Still at issue are Affirmative Defenses 2-6, 10, and the remaining portions of Affirmative Defenses 7 and 8.

### STANDARD OF REVIEW

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Consequently, such defenses must set forth a "short and plain statement" of the defense, pursuant to Federal Rule of Civil Procedure 8(a). *Id.* Affirmative defenses "defeat[] liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of

those claims." *Droz v. Droz*, 2018 WL 3301841, at *1 (N.D. Ind. July 5, 2018) (citing *E.E.O.C. v. Mach Mining, LLC*, 738 F.3d 171, 184 (7th Cir. 2013)). Accordingly, affirmative defenses must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v. Falcon Holdings Mgmt., LLC*, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012).

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored, a motion may "serve to expedite[ and] not delay" when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller*, 883 F.2d at 1294. Nonetheless, "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings. *Id.* Meritless affirmative defenses are "bare bones conclusory allegations" that "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

The Seventh Circuit Court of Appeals has not yet addressed whether the pleading standard for a complaint set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to affirmative defenses. However, "[f]actual allegations that were sufficient before *Twombly* and *Iqbal* will likely still be sufficient, and 'bare bones' affirmative defenses have always been insufficient." *Hoffman v. CMP Entm't (USA), Inc.*, 2018 WL 1115210, at *2 (C.D. Ill. Mar. 1, 2018). This Court agrees with those courts declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *See Cottle*, 2012 WL 266968, at *1-3 (providing discussion of issue and supporting cases).

As explained in *Cottle*,

> the language of Rule 8(a)(2) relied on by the Supreme Court in *Twombly* and *Iqbal,* that '[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim *showing that the pleader is entitled to relief*[,]" Fed. R. Civ.

2

> P. 8(a) (emphasis added), is not contained in Rules 8(b) or 8(c), which govern defenses and affirmative defenses, respectively.

*Id.* at *2. Not only is "[t]he requirement of a 'showing that the pleader is entitled to relief' in Rule 8(a) . . . not contained within the requirements of 8(b) for 'defenses' or 8(c) for 'affirmative defenses,' [but] an affirmative defense is not a claim for relief." *Id.* Moreover, "whereas a plaintiff generally has the benefit of the period of the statute of limitations, which may extend from many months to several years, to investigate and file a complaint, a defendant typically has only 21 days in which to serve an answer, including affirmative defenses, to the complaint." *Id.* Finally, "requiring a more detailed factual pleading of affirmative defenses than is already required would likely shift the nature of federal civil practice and may increase motion practice related to affirmative defenses." *Id.* at *3.

Defendants need not "provide a factual basis to assert an affirmative defense." *Briley v. Lawson*, 2018 WL 2192166, at *2 (N.D. Ind. May 14, 2018). Moreover, "elements of [an affirmative] defense can be made by inference." *Markel Ins. Co. v. United Emergency Med. Servs.*, 2017 WL 942723, at *3 (N.D. Ind. Mar. 10, 2017). "[I]f the sufficiency of a particular defense depends on a disputed question of fact or law, the Court will deny the motion to strike with respect to that defense." *Kras v. Conifer Ins. Co.*, 2016 WL 6994937, at *1 (N.D. Ind. Nov. 30, 2016). The Court addresses the parties' arguments as to each Affirmative Defense in turn.

## ANALYSIS

### A. Affirmative Defense 2

Affirmative Defense 2 states: "Plaintiff's claims may be barred by the applicable statute of limitations and/or statutes of repose." (Answer 6, ECF No. 13). Plaintiff argues that this affirmative defense should be stricken as it contains no other facts or allegations to support its claim. Defendant responds that, because Plaintiff's Complaint contains no allegations regarding the

3

date(s) of the discovery of the alleged defects at the buildings at issue, Defendant is unable to determine applicable timeframes in order to provide additional details. As such, Defendant offers to supplement and/or withdraw Affirmative Defense 2 after further investigation and discovery is conducted in order to determine applicable dates or timeframes with certainty.

In considering a similar affirmative defense, one court found that, "because plaintiffs fail[ed] to show defendants [could not] prevail based on statute of limitations grounds, their motion to strike must be denied with respect to defendants' [affirmative defense based on the applicable statute of limitations]." *Bd. of Educ. of Thornton Twp. High Sch. Dist. 205 v. Bd. of Educ. of Argo Cmty. High Sch. Dist. 217*, 2006 WL 2460590, at *2 (N.D. Ill. Aug. 21, 2006). In reaching this conclusion, the court specifically noted the plaintiffs' failure to identify the limitation periods for their claims or to explain why the defendants could not raise a statute of limitations defense. *Id.*

In the instant matter, Plaintiff provides no identification for the limitation periods for its claims. Additionally, Plaintiff does not explain why Defendant may not raise a statute of limitations defense. Accordingly, Plaintiff's request to strike Affirmative Defense 2 is denied.

### B. Affirmative Defense 3

Affirmative Defense Number 3 states: "Plaintiff has failed to mitigate its alleged damages, if any." (Answer 7, ECF No. 13). Plaintiff again argues that Affirmative Defense 3 should be stricken as it contains no factual support. Further, Plaintiff alleges that this defense does not present a question of law or fact sufficient on its face to satisfy Rule 8. In response, Defendant cites to *Design Basics, LLC v. Quality Crafted Homes, Inc.*, in which the court denied a request to strike an affirmative defense for failure to mitigate damages finding that, at that early stage of litigation, the defense was sufficiently pled to put plaintiff on notice of the defense. 2016 WL 3849809, at *2 (N.D. Ind. July 14, 2016). The Court is unpersuaded by Plaintiff's argument. At this point in the

litigation, not enough information is known about the mitigation of damages and Plaintiff has been sufficiently put on notice of this defense. Plaintiff's request to strike Affirmative Defense 3 is denied.

### C. Affirmative Defense 4

Affirmative Defense 4 states: "Defendant is entitled to set off any satisfaction or compensation that Plaintiff receives from other parties to this action and/or non-parties." (Answer 7, ECF No. 13). Plaintiff argues that this defense should be stricken as it is nothing more than a bare bones, conclusory statement. Defendant counters that the bare bones allegations set forth in Plaintiff's Complaint fail to indicate whether Plaintiff has received compensation from any non-parties or sources. As such, Defendant alleges that this defense has been adequately pled to put Plaintiff on notice.

As explained by one court, the Seventh Circuit Court of Appeals has implied that set off "should be pled as an affirmative defense in accordance with Rule 8(c) by noting that 'a setoff is not something the court orders in response to a counterclaim; it is a self-help remedy[; yet] even in a system of notice pleading a party must take some step to make setoff an issue.'" *Reger v. Arizona RV Centers, LLC*, 2018 WL 2434040, at *7 (N.D. Ind. May 30, 2018) (quoting *Beloit Corp. v. C3 Datatec, Inc.*, 78 F.3d 586 (Table), 1996 WL 102436, at *1-2 (7th Cir. 1996)). Further, at least one court in this jurisdiction has found that an affirmative defense substantially similar to the one at issue here satisfies the pleading standard of Rule 8(c) by putting a plaintiff on notice of the defense. *See Indiana Reg'l Council of Carpenters Pension Tr. Fund v. Fid. & Deposit Co. of Maryland*, 2006 WL 3302642, at *4 (N.D. Ind. Nov. 9, 2006) (denying request to strike affirmative defense stating "Plaintiff's claims should be reduced and/or set-off based on the doctrine of setoff and/or recoupment").

Accordingly, the Court finds that Affirmative Defense 4 satisfies the pleading standard of Rule 8(c) and properly places Plaintiff on notice of the defense. The request to strike Affirmative Defense 4 is denied.

### D. Affirmative Defense 5

Affirmative Defense 5 states: "Plaintiff's recovery, if any, should be reduced by the amount of collateral source payments received for its alleged damages." (Answer 7, ECF No. 13). Again, Plaintiff alleges that this defense is a bare bones, conclusory statement that fails to meet the standard necessary for affirmative defenses. Defendant responds that this defense is similar to Affirmative Defense 4, and that Affirmative Defense 5 has been adequately pled to put Plaintiff on notice.

"Indiana's collateral source rule generally holds that a defendant cannot reduce a plaintiff's damages by pointing to compensation the plaintiff received from a collateral source such as insurance." *Kras*, 2016 WL 7016414, at *2. Nonetheless, the collateral source rule leaves the door open to allow evidence of other payments. *Id.* As explained above, defendants need not provide a factual basis to assert an affirmative defense, and the elements of a defense may be made by inference. *Briley*, 2018 WL 2192166, at *2 (N.D. Ind. May 14, 2018); *Markel Ins. Co.*, 2017 WL 942723, at *3. Here, the Court may infer that Defendant seeks to reduce Plaintiff's recovery by collateral source payments of the type specifically not barred from consideration by the relevant rule. Accordingly, the Court finds that Affirmative Defense 5 adequately places Plaintiff on notice. The request to strike Affirmative Defense 5 is denied.

### E. Affirmative Defense 6

Affirmative Defense Number 6 states: "Any harm allegedly proven to be sustained by reason of and directly attributable to Plaintiff was so slight and of such inconsequential nature as

to be de minimis non curat lex, and, therefore, not the proximate cause of the damages alleged." (Answer 7, ECF No. 13). Initially, the Court notes that the doctrine of *de minimis non curat lex* translates as "the law does not take account of trifles." *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 233 (2014). Plaintiff alleges that this defense should also be stricken because it is a bare bones, conclusory statement and gives no factual foundation. In response, Defendant points to *Sanchez v. Roka Akor Chicago, LLC*, in which the court declined to strike a similar affirmative defense. 2015 WL 122747 (N.D. Ill. 2015). Further, Defendant argues that this affirmative defense is based on facts that will be developed through discovery and investigation, and that it sufficiently puts Plaintiff on notice.

The court in *Sanchez* denied a request to strike an affirmative defense stating that the plaintiff's "claims [were] barred, in whole or in part, by the doctrine of de minimis non curat lex." *Id.* at *4. The court explained that, though the defendant had failed to provide any specific facts indicating what de minimis work was the subject of the affirmative defense, the defense was "necessarily based on facts that [had] not yet been developed." *Id.* The court further noted that discovery would reveal what work was potentially within the scope of the defense. *Id.*

The Court is persuaded by the reasoning in *Sanchez*. The subject of Affirmative Defense 6 is based on facts that have not yet been developed and discovery will reveal what, if anything in this matter, is potentially within its scope. The request to strike Affirmative Defense 6 is denied.

### F. Affirmative Defenses 7 and 8

Affirmative Defense 7 states: "The damages alleged in the Complaint were caused solely, or contributed to, by the acts, omissions or conduct of Plaintiff and unidentified non-parties over whom the Defendant had no control." (Answer 7, ECF No. 13). Affirmative Defense 8 states: "Plaintiff's alleged damages were caused in full, or in part, by the comparative fault of Plaintiff[]

7

and other unidentified non-parties and any recovery should be precluded or reduced in accordance with the provisions of the Indiana Comparative Fault Act." *Id.* Again, Plaintiff argues that these defenses allege no factual foundation and are merely bare bones, conclusory statements. Defendant responds that such defenses are based on Indiana's Comparative Fault Act, which applies to any cause of action brought to recover damages for injury or death to a person or harm to property. Defendant explains that these defenses were raised to notify Plaintiff of Defendant's intent to pursue its right to allocate fault to Plaintiff on a comparative fault basis. Nonetheless, Defendant voluntarily withdraws the portions referring generally to "non-parties," subject to amendment after further discovery and investigation, as it has not yet identified whether any such non-parties exist.

In the instant matter, it appears that the Indiana Comparative Fault Act applies because the Complaint was brought to recover damages for harm to property. Moreover, "[c]ontributory negligence is an affirmative defense which 'a party must affirmatively state' in a responsive pleading." *Drake v. United States*, 2015 WL 7288627, at *1 (S.D. Ind. Nov. 16, 2015). The Court finds that Affirmative Defenses 7 and 8, as amended by Defendant, were permissibly raised and adequately put Plaintiff on notice. The requests to strike Affirmative Defenses 7 and 8 are denied.

### G. Affirmative Defense 10

Affirmative Defense 10 states: "Plaintiff's negligence claim is barred by virtue of the application of the economic loss rule." (Answer 7, ECF No. 13). Plaintiff argues that this defense, too, should be stricken as it is a bare bones, conclusory statement with no factual foundation. In response, Defendant asserts that, pursuant to the economic loss rule that applies to construction contracts under Indiana law, "a party to a contract cannot be liable under a tort theory for any purely economic loss caused by the party's negligent performance of the contract, absent any personal injury or damage to other property." *SAMS Hotel Grp., LLC v. Environs, Inc.*, 716 F.3d

432, 434 (7th Cir. 2013). Defendant explains that Plaintiff brings claims based on "defects, deficiencies, and failures in the construction of the [exterior wall assembly of the buildings at issue]," alleging that "water intrusion has caused extensive deterioration of the [b]uildings' exterior wall assembly components, including the oriented strand board sheathing, batt insulation, and wood stud framing." (Compl. ¶¶ 11-12, ECF No. 1). Further, Plaintiff alleges that Defendant constructed the relevant buildings pursuant to a written contract entered into with Plaintiff. *Id.* at ¶ 7. Defendant therefore contends that Plaintiff's claim for negligence seems duplicative of its claim for breach of contract, as both are related to Defendant's contractual role in the construction process for the buildings. As such, Defendant argues that Plaintiff's negligence appears to be barred by the economic loss rule and that Affirmative Defense 10 is more than sufficient to put Plaintiff on notice.

"Indiana courts apply the economic loss rule to preclude recovery in tort for '*purely economic loss—pecuniary loss unaccompanied by any property damage or personal injury (other than damage to the product or service provided by the defendant).*'" *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 785 (7th Cir. 2015) (quoting *Indianapolis-Marion Cty. Pub. Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 722, 730 (Ind. 2010)). On the facts before the Court, it appears that the economic loss rule may be applicable to the instant matter. Affirmative Defense 10 is therefore permissibly raised and has sufficiently placed Plaintiff on notice. Plaintiff's request to strike Affirmative Defense 10 is denied.

## CONCLUSION

Accordingly, the Court hereby **DENIES** Plaintiff Eastgate Investments I, LLC's Motion to Strike Affirmative Defenses 2 Through 11 [DE 16]. However, the Court notes Defendant's

voluntary withdrawal of Affirmative Defenses 9 and 11 in their entirety and partial withdrawal of Affirmative Defenses 7 and 8.

So ORDERED this 15th day of April, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
