# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| EASTGATE INVESTMENTS I, LLC, <br>     Plaintiff, <br><br> v. <br><br> MW BUILDERS, INC., <br>     Defendant, <br><br> MW BUILDERS, INC., <br>     Third-Party Plaintiff, <br><br> v. <br><br> MUD SLINGERS INC. and JOHN A. <br> DILLE & SONS CONSTRUCTION <br> CO., INC., <br>     Third-Party Defendants. | CAUSE NO.: 2:19-CV-304-JTM-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over the Amended Complaint filed by Plaintiff Eastgate Investments I, LLC. (ECF No. 46).

Plaintiff's Amended Complaint invoked this Court's subject matter jurisdiction via diversity jurisdiction. (ECF No. 46, ¶ 4). As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). And "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *see*

*also Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) ("if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed") (citing *Rockwell*).

For the Court to have diversity jurisdiction, Plaintiff and Defendant MW Builders, Inc. must be citizens of different states, and the amount in controversy must be more than $75,000. 28 U.S.C. § 1332. Plaintiff has alleged a sufficient amount in controversy, and sufficiently alleged Defendant's citizenship. (ECF No. 46, ¶¶ 3-4). The allegations in Plaintiff's Amended Complaint are insufficient, however, as to Plaintiff's own citizenship.

The Amended Complaint alleges that Plaintiff "is an Indiana and Michigan citizen, being an Indiana limited liability company with its principle place of business in Centerville, Michigan." (ECF No. 46, ¶ 1). It further alleges that "the members of [Plaintiff] are citizens of states other than Texas." (*Id.* at ¶ 2). These allegations are insufficient for the purpose of determining Plaintiff's citizenship. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Thus, the "name and citizenship" of each member of a limited liability company "must be identified to determine diversity jurisdiction." *See Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed") (citing *Guar. Nat'l Title*, 101 F.3d at 59). It is insufficient to allege generally that all members of an LLC are citizens of states other than the opposing party. *See West*, 951 F.3d at 829 ("We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'"); *Guar. Nat'l Title*, 101 F.3d at 58 (allegation that all limited partners were citizens of a particular state insufficient).

2

Moreover, citizenship must be "traced through multiple levels" for members or partners who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) (an LLC's citizenship must be "traced through multiple levels if any of its members is itself a partnership or LLC"); *Thomas*, 487 F.3d at 534 (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"). And all such allegations must state the citizenship of each such member or partner at the time the Amended Complaint was filed. *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Thomas*, 487 F.3d at 533-34. Plaintiff must therefore identify each of its members, and properly allege the citizenship of each such member. If any member is a natural person, Plaintiff must allege his or her citizenship based on their domicile at the time the Amended Complaint was filed. *See Altom*, 823 F.3d at 420. And if any member in turn has members (such as a limited liability company or a partnership), Plaintiff must identify all of its members and their citizenship when the Amended Complaint was filed. *Id.*; *Thomas*, 487 F.3d at 534; *Mut. Assignment & Indem.*, 364 F.3d at 861.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must properly allege its citizenship as stated above. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **July 23, 2020**, a supplemental jurisdictional statement that properly alleges its citizenship.

So ORDERED this 9th day of July, 2020.

                                                s/ Joshua P. Kolar
                                                MAGISTRATE JUDGE JOSHUA P. KOLAR
                                                UNITED STATES DISTRICT COURT