UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EASTGATE INVESTMENTS I, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19 CV 304 |
| v. | ) |
| | ) |
| MW BUILDERS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| MW BUILDERS, INC., | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MUDSLINGERS INC., JOHN A. | ) |
| DILLE & SONS CONSTRUCTION | ) |
| CO., INC., CALUMET MASONRY | ) |
| CO., and CHARLES GLUTH AND | ) |
| SON ROOFERS, INC., | ) |
| | ) |
| Third-Party Defendants. | ) |

## OPINION and ORDER

**I.    BACKGROUND** [1]

In 2009, the parties to this lawsuit were involved in the construction of Buildings 1 and 2 of the Uptown East Apartments in Valparaiso, Indiana. The buildings' owner, plaintiff Eastgate Investments I, LLC ("Eastgate"), hired defendant/third-party plaintiff MW Builders, Inc. ("MW"), to serve as general contractor for the construction project.

---

[1] The facts of this case are undisputed for purposes of this opinion, unless otherwise designated.

MW, in turn, hired third-party defendant Calumet Masonry Co. ("Calumet") to serve as the masonry subcontractor. In the contract between MW and Calumet, Calumet agreed to (amongst other things) indemnify and defend MW from and against all claims, causes of action, and expenses alleged to have been caused in whole or in part by any act or omission of Calumet. (DE # 53-3 at 5.)

Construction on the project was completed in 2009. The parties agree for purposes of the present motion that the date of "substantial completion" for Buildings 1 and 2 were August 23, 2009, and August 18, 2009, respectively.

On August 16, 2019, Eastgate sued MW for defects in the "exterior wall assembly." (DE # 1 ¶ 10.) On March 16, 2020, MW filed a third-party complaint against two other subcontractors, but not Calumet. (DE # 28.) On July 7, 2020, Eastgate amended its complaint, alleging defects in the construction of "masonry exterior wall assembly," which "allowed water to penetrate behind the concrete masonry units." (DE 46 ¶¶ 14, 15.) On August 25, 2020, MW amended its complaint a second time, this time adding Calumet as a third-party defendant. (DE # 53.) MW alleged breach of contract against Calumet to the extent that Eastgate's averments were proven to be true, and also demanded indemnification from Calumet. (*Id.* ¶¶ 42, 49.)

Calumet now moves for summary judgment on MW's claims, arguing that any claims by MW against Calumet are barred by Indiana's ten-year statute of repose on construction claims. (DE # 113.) MW opposes the motion, arguing that its suit against

Calumet is contractual in nature, and not a construction claim for purposes of the statute of repose. (DE # 117.) The motion is fully briefed and ripe for ruling.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows for the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

## III.   DISCUSSION

The parties agree that Indiana law contains a statute of repose requiring that construction claims be filed within 10 years of the date of substantial completion of the underlying project. Specifically, the relevant statute provides:

> An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for: (1) a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property; (2) an injury to real or personal property arising out of a deficiency; or (3) an injury or wrongful death of a person arising out of a deficiency; may not be brought against a designer or possessor unless the action is commenced within . . . ten (10) years after the date of substantial completion of the improvement.

Ind. Code § 32-30-1-5(d).

The parties do not dispute that Calumet is a "designer" for purposes of this statute. Nor do the parties disagree about the dates of substantial completion of the

underlying projects, at least for purposes of the present motion. It is further undisputed that MW amended its third-party complaint to add claims against Calumet more than ten years after substantial completion of the underlying project. Thus, MW's claims against Calumet are barred by the ten-year statute of repose, if the statute of repose applies. However, whether the statute of repose encompasses MW's claims is hotly contested.

Calumet argues that MW's claims for breach of contract and indemnification are claims relating to alleged deficiencies in construction. Thus, according to Calumet, the claims are squarely within the scope of the statute of repose and are time-barred. MW, on the other hand, argues that its claims against Calumet are not construction claims at all, but rather they are contract claims that spring from the agreement between MW and Calumet.

In support of its argument, MW cites a 1993 decision by the Indiana Court of Appeals, in which the court ruled that an action between a contractor and a subcontractor for contractual indemnification was not subject to Indiana's statute of repose related to construction projects. *S. Dearborn Sch. Bldg. Corp. v. Duerstock,* 612 N.E.2d 203, 208-09 (Ind. Ct. App. 1993). In that case, the Indiana Court of Appeals reasoned that indemnification claims are grounded in rights granted pursuant to a contract, as opposed to suits directly seeking damages for injuries to person or property arising from deficient construction. *Id.*

Calumet first counters that *Duerstock* is no longer good law, because the statute of repose analyzed by the *Duerstock* court has been revised since 1993. A comparison of the former and current versions of the statute appears below:

| Ind. Code § 34-4-20-2 (1993) | Ind. Code § 32-30-1-5(d) (2005-present) |
|---|---|
| No action to recover damages whether based on contract, tort, nuisance, or otherwise, for:<br><br>(a) any deficiency, or alleged deficiency, in the design, planning, supervision, construction, or observation of construction of an improvement to real property;<br><br>(b) an injury to property, either real or personal, arising out of any deficiency; or<br><br>(c) injury to the person, or for wrongful death, arising out of any such deficiency;<br><br>shall be brought against any person who designs, plans, supervises, or observes the construction of an improvement to real property, unless the action is commenced within the earlier of ten (10) years from the date of substantial completion of the improvement or twelve (12) years after submission of plans and specifications to the owner if the action is for deficiency in design. | An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for:<br><br>(1) a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property;<br><br>(2) an injury to real or personal property arising out of a deficiency; or<br><br>(3) an injury or wrongful death of a person arising out of a deficiency;<br><br>may not be brought against a designer or possessor unless the action is commenced within the earlier of ten (10) years after the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for a deficiency in the design of the improvement. |

The Indiana legislature's changes to the statute appear minor, primarily involving variations in sentence structure and alterations to the numbering scheme. After careful comparison, the court perceives no substantive changes worthy of

5

declaring that the Indiana Court of Appeals' decision in *Duerstock* is no longer good law.

Calumet next argues that *Duerstock* is distinguishable, in that it only involved indemnification for costs and expenses of litigation, whereas in this case MW seeks not only costs and expenses of litigation, but also damages that MW may incur as a result of the lawsuit against it by Eastgate for defects in worksmanship. Calumet suggests that this latter type of damages has a direct connection to the alleged construction defects, and thus the claims seeking such damages are subject to the statute of repose applicable to construction claims.

However, the court cannot conclude that the Indiana Court of Appeals would agree. The *Duerstock* court held that the statute of repose does not bar suits for damages "grounded solely in rights granted pursuant to the contract." 612 N.E.2d at 209. In this case, MW, the contractor, is the party ultimately liable to Eastgate, the buildings' owner, and MW's recourse springs from the contract it formed with Calumet, the subcontractor. In other words, but for the contract between MW and Calumet, the rights MW asserts against Calumet (put simply, to be made whole following any suit with Eastgate) would not exist. The court thus concludes that, if presented with the question, the Indiana Court of Appeals would find that *Duerstock* encompasses all of MW's claims against Calumet, and that the statute of repose related to construction claims does not bar MW's claims.

## IV. CONCLUSION

For the foregoing reasons, Calumet's motion for summary judgment (DE # 113) is **DENIED.**

                                            **SO ORDERED.**

Date: March 24, 2022

                              s/ James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT