UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EASTGATE INVESTMENTS I, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MW BUILDERS, INC., )<br>)<br>Defendant. )<br>)<br>_____)<br>)<br>MW BUILDERS, INC., )<br>)<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>MUDSLINGERS INC., JOHN A. )<br>DILLE & SONS CONSTRUCTION )<br>CO., INC., CALUMET MASONRY )<br>CO., and CHARLES GLUTH AND )<br>SON ROOFERS, INC., )<br>)<br>Third-Party Defendants. ) | No. 2:19 CV 304 |

## OPINION and ORDER

I.   **BACKGROUND** [1]

In 2009, the parties to this lawsuit were involved in the construction of Buildings 1 and 2 of the Uptown East Apartments in Valparaiso, Indiana. The buildings' owner, plaintiff Eastgate Investments I, LLC ("Eastgate"), hired defendant/third-party plaintiff MW Builders, Inc. ("MW"), to serve as general contractor for the construction project.

---

[1] The facts of this case are undisputed for purposes of this opinion, unless otherwise designated.

MW, in turn, hired third-party defendant Charles Gluth and Son Roofers, Inc. ("Gluth") to serve as the roofing and downspouts subcontractor. In the contract between MW and Gluth, Gluth agreed to (amongst other things) indemnify and defend MW from and against all claims, causes of action, and expenses alleged to have been caused in whole or in part by any act or omission of Gluth. (DE # 53-4 at 4.)

Eastgate contends that construction on the project was completed in 2009, and that the precise dates of "substantial completion" for Buildings 1 and 2 were August 23, 2009, and August 18, 2009, respectively. MW does not confirm or deny that these substantial completion dates are correct for purposes of the present motion.

On August 16, 2019, Eastgate sued MW for defects in the "exterior wall assembly." (DE # 1 ¶ 10.) On March 16, 2020, MW filed a third-party complaint against two other subcontractors, but not Gluth. (DE # 28.) On August 25, 2020, MW amended its complaint a second time, this time adding Gluth as a third-party defendant. (DE # 53.) MW alleged breach of contract against Gluth to the extent that Eastgate's averments were proven to be true, and also demanded indemnification from Gluth. (*Id.*)

Gluth has moved for judgment on the pleadings on MW's claims, arguing that any claims by MW against Gluth are barred by Indiana's ten-year statute of repose on construction claims. (DE # 101.) MW opposes the motion, arguing that its suit against Gluth is contractual in nature, and not a construction claim for purposes of the statute of repose. (DE # 105.) The motion is fully briefed and ripe for ruling.

## II.   LEGAL STANDARD

In reviewing a motion for judgment on the pleadings under Rule 12(c), the court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). That means that the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.*

## III.   DISCUSSION

The parties agree that Indiana law contains a statute of repose requiring that construction claims be filed within 10 years of the date of substantial completion of the underlying project. Specifically, the relevant statute provides:

> An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for: (1) a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property; (2) an injury to real or personal property arising out of a deficiency; or (3) an injury or wrongful death of a person arising out of a deficiency; may not be brought against a designer or possessor unless the action is commenced within . . . ten (10) years after the date of substantial completion of the improvement.

Ind. Code § 32-30-1-5(d). The parties do not dispute that Gluth is a "designer" for purposes of this statute.

MW first argues that because it does not concede that Eastgate's proposed dates of substantial completion are correct, the facts taken in a light most favorable to MW do not reveal that its claims against Gluth were filed more than 10 years from the date of substantial completion. (DE # 105 at 3-4.) Perhaps the present motion could be denied on this basis alone, but the court need not delve into the matter. As explained below, the

3

present motion can be decided in MW's favor regardless of the factual issue regarding the precise date of substantial completion.

The legal question underlying the present dispute is whether Indiana's statute of repose applies to MW's claims. Gluth argues that MW's claims for breach of contract and indemnification are claims relating to alleged deficiencies in construction. Thus, according to Gluth, the claims are squarely within the scope of the statute of repose and are time-barred. MW, on the other hand, argues that its claims against Gluth are not construction claims at all, but rather they are contract claims that spring from the agreement between MW and Gluth.

In support of its argument, MW cites a 1993 decision by the Indiana Court of Appeals, in which the court ruled that an action between a contractor and a subcontractor for contractual indemnification was not subject to Indiana's statute of repose related to construction projects. *S. Dearborn Sch. Bldg. Corp. v. Duerstock*, 612 N.E.2d 203, 208-09 (Ind. Ct. App. 1993). In that case, the Indiana Court of Appeals reasoned that indemnification claims are grounded in rights granted pursuant to a contract, as opposed to suits directly seeking damages for injuries to person or property arising from deficient construction. *Id.*

Gluth argues that *Duerstock* is no longer good law, because the statute of repose analyzed by the *Duerstock* court has been "repealed completely." (DE # 106 at 5.) However, the statute was not simply repealed; it was repealed and replaced by a new version. A comparison of the former and current versions of the statute appears below:

| Ind. Code § 34-4-20-2 (1993) | Ind. Code § 32-30-1-5(d) (2005-present) |
|---|---|
| No action to recover damages whether based on contract, tort, nuisance, or otherwise, for:<br><br>(a) any deficiency, or alleged deficiency, in the design, planning, supervision, construction, or observation of construction of an improvement to real property;<br><br>(b) an injury to property, either real or personal, arising out of any deficiency; or<br><br>(c) injury to the person, or for wrongful death, arising out of any such deficiency;<br><br>shall be brought against any person who designs, plans, supervises, or observes the construction of an improvement to real property, unless the action is commenced within the earlier of ten (10) years from the date of substantial completion of the improvement or twelve (12) years after submission of plans and specifications to the owner if the action is for deficiency in design. | An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for:<br><br>(1) a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property;<br><br>(2) an injury to real or personal property arising out of a deficiency; or<br><br>(3) an injury or wrongful death of a person arising out of a deficiency;<br><br>may not be brought against a designer or possessor unless the action is commenced within the earlier of ten (10) years after the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for a deficiency in the design of the improvement. |

The Indiana legislature's changes to the statute appear minor, primarily involving variations in sentence structure and alterations to the numbering scheme. After careful comparison, the court perceives no substantive changes worthy of declaring that the Indiana Court of Appeals' decision in *Duerstock* is no longer good law.

5

The *Duerstock* court held that the statute of repose does not bar suits for damages "grounded solely in rights granted pursuant to the contract." 612 N.E.2d at 209. In this case, MW, the contractor, is the party ultimately liable to Eastgate, the buildings' owner, and MW's recourse springs from the contract it formed with Gluth, the subcontractor. In other words, but for the contract between MW and Gluth, the rights MW asserts against Gluth (put simply, to be made whole following any suit with Eastgate) would not exist. The court thus concludes that, if presented with the question, the Indiana Court of Appeals would find that *Duerstock* encompasses all of MW's claims against Gluth, and that the statute of repose related to construction claims does not bar MW's claims.

## IV.   CONCLUSION

For the foregoing reasons, Gluth's motion for judgment on the pleadings (DE # 101) is **DENIED.**

**SO ORDERED.**

Date: March 28, 2022

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT